OPINION
PER CURIAM.
Inna Osypova, a native of the former U.S.S.R. and a citizen of Ukraine, arrived in the United States as a visitor in November 2002 with permission to remain until May 2003. In June 2003, she filed an application for asylum, withholding, and protection under the Convention Against Torture (“CAT”) based on her experiences as an Assyrian in Ukraine. The Government charged her as removable for overstaying her visa in August 2003.
Osypova conceded the removability charge before the Immigration Judge (“IJ”) at a hearing where she and an expert witness testified in support of her claims. Putting aside issues about Osypo-va’s credibility, the IJ held that Osypova had not shown past persecution or the possibility of future persecution or torture on the basis on her nationality. In the alternative, the IJ made an adverse credibility finding.
Osypova appealed to the Board of Immigration Appeals (“BIA”). The BIA concluded that it did not need to decide the credibility issue because it agreed with the Id’s alternative finding that even if Osypo-va had been a credible witness, she had *825 failed to meet her burdens of proof for asylum, withholding, and CAT relief. Specifically, the BIA held that her experiences did not rise to the level of persecution, her son’s experiences were irrelevant to her request for relief, and neither Osypova nor her expert nor the information in the background materials showed that she would face persecution in the future. Osypova presents a petition for review.
We have jurisdiction over Osypova’s petition for review pursuant to 8 U.S.C. § 1252(a). See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n. 2 (3d Cir.2002). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005). Upon review, we will deny Osypova’s petition for review.
Assuming, as the BIA did,[1] that Osypova’s testimony was credible, Osypova did not describe past persecution or a well-founded fear of future persecution. In addition to incidents that happened in other countries and name-calling when she and her family came to Ukraine, Osypova described two attacks she suffered in Ukraine. In 1996, while she was shopping for shoes for her daughter, a Nationalist (who was wearing a Nationalist armband) struck her lower back or “loin” with force, called her “a Caucasian swindler” or “Caucuses [sic] ... conniver” and told her not to shop in the stores. R. 14, 223. She required out-patient treatment for soft tissue damage and trauma to her spine. R. 225. In 2002, she was squeezed by a Nationalist in a doorway while leaving a store. R. 250. She also related how her son was attacked in 1998 by two or three (or up to five) Nationalists on his way home from school. R. 15, 234. After lobbing epithets, the Nationalists broke her son’s nose and bloodied his face. R. 228, 231-34. Osypova did not seek assistance from the police after any of these incidents.
The incidents Osypova experienced were serious and certainly frightening. However, they are examples of isolated criminal activity that do not rise to the level of persecution. Cf. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir.2005) (holding that “two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution”). Furthermore, although Osypova may have faced unkind remarks, or even discrimination, her experiences do not rise to the level of persecution. See Jarbough v. Attorney Gen. of the United States, 483 F.3d 184, 191 (3d Cir.2007) (“Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution.”); Chen v. Ashcroft, 381 F.3d 221, 233 n. 20 (3d Cir.2004) (noting that courts routinely deny immigration relief to persons “who suffer racial discrimination that falls short of persecution.”).
Moreover, Osypova did not prove that she would face future persecution. The expert who testified stated that the attacks on Osypova and her son were consistent with actions of Nationalists and that he believed that she and her family would be identifiable as different from the Slavic people of Ukraine. R. 201, 209. However, when pressed, he admitted that he had no information about the persecution of Assyrians, noting that the group was too small to be tracked. R. 205. He noted that those with darker skin, including Africans and Asians, were targeted by *826 Nationalists, but he conceded that Osypova would not be viewed as either. R. 188. The expert could not point to any specific information in the record about the persecution of Assyrians in Ukraine. R. 210. Also, although her family members have since moved to other countries, Osypova’s daughter remained in Ukraine unharmed for years after Osypova’s departure. R. 257.
In short, Osypova was not entitled to asylum because she did not show that she faced past persecution or that she had a well-founded fear of future persecution. Nor did she meet the higher burden of showing a clear probability that she would be persecuted in Ukraine to entitle her to withholding. Finally, she did not show that it was more likely than not that she would be tortured on return to Ukraine, so she was not entitled to CAT relief. For these reasons, we must deny her petition for review.

. Despite Osypova's argument to the contrary, the BIA did not err in declining to resolve the credibility issue and rejecting Osy-pova's claims on the merits. See Li v. Attorney Gen. of the United States, 400 F.3d 157, 164 (3d Cir.2005).